UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DON RAY CLARK, JR., *ET AL*.,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  4:20-CV-476 RWS |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF ST. LOUIS, *ET AL*.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT BY CITY OF ST. LOUIS

COMES NOW Defendants City of St. Louis ("City"), and in support of its Motion to Dismiss Counts I, II, III, and IV of the First Amended Complaint for Failure to State a Claim, states as follows:

### INTRODUCTION

On February 21, 2020 Plaintiff Don Ray Clark, Jr., ("Clark") filed a 4-count complaint in the 22nd Judicial Circuit Court for the City of St. Louis ("City"). On April 3, 2020 Defendants City of St. Louis and Thomas Strode removed this matter from the 22nd Judicial Circuit Court of Missouri to the U.S. District Court for the Eastern District of Missouri. On May 28, 2020, Plaintiffs Clark, Adonis H. Clark, Sherrie Clark-Torrence, Ashley N. Clark, Necole Fisher, and A.C. through mother and next friend Necole Fisher, filed an amended complaint. See First Amended Complaint, Doc. 15.

In the First Amended Complaint ("Complaint"), Plaintiffs allege that on February 21, 2017 officers with the St. Louis Metropolitan Police Department executed a search warrant at the home of Don Ray Clark, Sr. ("Decedent"). Complaint, doc. 15, ¶¶ 11-13. Plaintiffs claim Officer

1

Nicholas Manasco entered the Decedent's home and, without justification, shot and killed him. ¶ 13.

In Count I, Plaintiffs allege a state law wrongful death claim against all police officer defendants and the City. In Count II, Plaintiffs assert a claim, pursuant to 42 U.S.C. § 1983, against all police officer defendants and the City, alleging that defendants violated Decedent's Fourth Amendment right to be free from unreasonable seizures and excessive force. In Count III, Plaintiffs purport to assert a claim for civil conspiracy against all police officer defendants and the City pursuant to 42 U.S.C. § 1985, alleging that Defendants conspired to deprive Plaintiffs' Decedent of his Constitutional rights. Finally, in Count IV, Plaintiffs allege that the City is liable pursuant to 42 U.S.C. § 1983 for failing to train, supervise, or discipline its officers, resulting in officers using excessive force.

The City now moves to dismiss all counts directed against it on the basis that they fail to state a claim. First, Plaintiffs' state law claim (Count I) is barred by sovereign immunity. Second, Plaintiffs' claim for conspiracy (Count III) is barred by the intracorporate conspiracy doctrine, and Plaintiffs fail to plausibly allege the existence of a conspiracy. Third, Plaintiffs' claims against the City pursuant to § 1983 (Counts II and IV) fail to plausibly allege that the City had a policy or widespread custom or practice that caused Decedent's alleged constitutional violation. Moreover, Plaintiff fails to plausibly allege that the City had actual or constructive notice that an omission in its training program was causing City employees to violate citizens' constitutional rights by using excessive force. Accordingly, the Court should dismiss Counts I, II, III, and IV for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

## ARGUMENT

**I. PLAINTIFFS' STATE LAW TORT CLAIM (COUNT I) AGAINST CITY IS BARRED BY SOVEREIGN IMMUNITY.**

Under Missouri law, governmental entities are entitled to sovereign immunity from tort claims with limited exception. RSMo § 537.600; *See also Davis v. Lambert–St. Louis Int'l Airport*, 193 S.W.3d 760, 764 (Mo. banc 2006) (holding that government entities are protected from tort liability by sovereign immunity). The general rule regarding sovereign immunity is that the sovereign cannot be sued without its consent. *McNeill Trucking Co. v. Mo. State Hwy. and Transp. Comm'n*, 35 S.W.3d 846, 848 (Mo. banc 2001). Sovereign immunity is not an affirmative defense but is part of Plaintiff's *prima facie* case. *St. John's Clinic, Inc. v. Pulaski Cty. Ambulance Dist.*,

422 S.W.3d 469, 471 (Mo. App. S.D. 2014) (citing *Shifflette v. Missouri Dept. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo. App. W.D. 2010)). "Because a public entity's liability for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within this exception to sovereign immunity." *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) (citing *Burke v. City of St. Louis*, 349 S.W.2d 930 (Mo. 1961)). Moreover, sovereign immunity is waived only "to the extent of and for the specific purposes of the insurance purchased." *State ex rel. Bd. of Trustees of City of N. Kansas City Mem'l. Hosp. v. Russell*, 843 S.W.2d 353, 360 (Mo. 1992).

The Missouri Supreme Court has held that courts "are bound to hold that statutory provisions that waive sovereign immunity must be strictly construed." *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016) (citing *Bartley v. Special School Dist.*, 649 S.W.2d 864, 868 (Mo. banc 1983)). As such, courts "cannot read into the statute an exception to sovereign immunity or imply waivers not explicitly created in the statute." *Id*. at 921 (citing *Fort Zumwalt School Dist. v. State*, 896 S.W.2d 918, 923 (Mo. banc 1995); *State ex rel. Cass Med. Ctr. v. Mason*, 796 S.W.2d 621, 623-24 (Mo. banc 1990).

Here, in an apparent attempt to circumvent the City's sovereign immunity, Plaintiffs allege City has waived sovereign immunity in that it has "obtained a policy or self-insurance plan which is liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a judgment in this action." Complaint, doc. 15, ¶ 21. Plaintiffs allege the City "obtained insurance" from the Public Facilities Protection Corporation ("PFPC"). *Id*. Plaintiff further asserts that "[t]he coverage provided by the PFPC constitutes insurance or, in the alternative, a self-insurance plan, for purposes of Section 537.610 RSMo." *Id*.

4

RSMo. § 537.610 provides that "the governing body of each political subdivision of this state, notwithstanding any other provision of law, may *purchase* liability insurance for tort claims, made against the state or the political subdivision" and goes on to state that "[s]overeign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance *purchased* pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state." RSMo. § 537.610 (emphasis added). Here, however, Plaintiffs have not alleged that City *purchased* liability insurance, and given that RSMo. § 537.610 must be strictly construed, Plaintiffs have not adequately pleaded facts that fall within an express statutory waiver of sovereign immunity.

Plaintiffs further allege that the coverage provided by the PFPC "constitutes insurance or, in the alternative, a self-insurance plan." doc. 15, ¶ 21. As noted above, "[s]overeign immunity… is waived *only… in such amount and for such purposes provided in any self-insurance plan* duly adopted by the governing body of any political subdivision of the state." RSMo. § 537.610 (emphasis added). The City of St. Louis has, by Ordinance 57821, adopted a self-insurance plan. (Ex. A, Certified Copy of City of St. Louis Ordinance 57821)[1] The express language of Ordinance 57821 adopts a self-insurance plan only "for the purposes of injuries directly resulting from the negligent acts or omissions by employees of the City of St. Louis arising out of the operations of

---

[1] The City requests that the Court take judicial notice of Ordinance 57821 (Exhibit A). This Court may take judicial notice of local ordinances. *A.L.L. Constr., LLC v. Metro. St. Louis Sewer Dist.*, No. 4:17-cv-02367-AGF, 2018 U.S. Dist. LEXIS 58070, at *13 n.6 (E.D. Mo. Apr. 5, 2018) (citing *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017) (holding that "matters of public record such as state statutes, city charters, and city ordinances fall within the 'category of 'common knowledge' and are therefore proper subjects for judicial notice.")).

5

motor vehicles within the course of their employment and injuries caused by the condition of property of the City of St. Louis if the plaintiff establishes that the property was in a dangerous condition at the time of the injury…" Ex. A. This language mirrors the statutory exceptions to sovereign immunity set forth by RSMo § 537.600. Here, Plaintiffs allege that the PFPC constitutes self-insurance, but Plaintiffs' state law claim does not fall within the express limited purpose of City's adopted self-insurance plan. As such, Plaintiffs' state law claim for "wrongful death" against the City is barred by sovereign immunity and must be dismissed.

Moreover, the Honorable Judge Michael F. Stelzer for the Twenty-Second Judicial Circuit for the State of Missouri recently entered an order disposing of a similar claim that the PFPC constitutes insurance or a self-insurance plan. In that case, Judge Stelzer held that the PFPC is not a policy of insurance purchased pursuant to RSMo. § 537.610, nor is it a self-insurance plan adopted by City. In his November 20, 2019 order, Judge Stelzer held as follows:

> PFPC is not a policy of insurance purchased pursuant to [§] 537.610 nor is it a self insurance plan adopted by the governing body. The City Counselor is not the governing body of the City of St. Louis nor does a letter from the City Counselor qualify as a duly adopted self insurance plan.

Ex. B, Order in *Hendrix v. City of St. Louis, et al.*, #1722-CC01430, p. 5 (Nov. 20, 2019). This Court should find strong persuasive value in this soundly reasoned state court decision applying state law. *See Travelers Prop. Cas. Ins. Co. of Am. v. National Union Ins. Co. of Pittsburgh*, 621 F.3d 697, 707 (8th Cir. 2010) (holding that, in applying state law, this Court is bound by the state's highest court and, where it has not spoken, should look to soundly reasoned decisions of state intermediate courts as the best evidence of how the state's highest court would rule).

6

Consistent with Judge Stelzer's holding on this issue of Missouri state law in *Hendrix*, this Court should find that Plaintiffs' state law claims are barred by sovereign immunity.

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE CITY UNDER § 1983 (COUNTS II AND IV).

Where a plaintiff claims that a municipality caused an employee to inflict a constitutional injury, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee. *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390 (8th Cir. 2007) (citing *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997)). A local government, such as the City, "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

In order to establish a claim for municipal liability based on an unconstitutional "custom," a plaintiff must establish a "widespread, persistent pattern of unconstitutional misconduct." *Jenkins*, 557 F.3d at 634. Generally, a single instance of alleged police misconduct cannot, as a matter of law, establish municipal policy or custom creating liability under 42 U.S.C. § 1983. *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (citing *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991)). Plaintiffs must plead enough facts that a Court could begin to draw an inference that the conduct complained of resulted from a policy or custom. *Doe ex rel. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Counts II and IV fail to state a claim against the City because Plaintiffs fail to identify either an official policy or a widespread custom or practice that was the "moving force" behind his Decedent's alleged constitutional violation. *Brown*, 520 U.S. at 403 (1997); *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012).

7

In this lawsuit Plaintiffs assert a series of conclusory and factually devoid allegations directed at the City. For example, Plaintiffs allege, without any factual support, that "[t]here exists within the St. Louis Metropolitan Police Department policies or customs, practices and usage that are so pervasive that they constitute the policies of the department, such that they are and where [sic] the moving force behind and caused the constitutional deprivations of the Plaintiff's Constitutional rights . . . " Doc. 15, ¶ 41. Plaintiffs also allege that officers of the police division "use excessive force without regard for the need for the use of force, or without regard for the legality of its use;" that officers "engage in conduct that is in violation of the constitutional rights of citizens with whom they come in contact, including but not limited to arresting, detaining and prosecuting people in violation of the constitution and laws;" that officers "do not use the least intrusive means of force necessary;" and that officers "unlawfully and unreasonably use deadly force to combat non-deadly force, without giving subjects an opportunity to comply, and in other situations that could be controlled by the use of other means." ¶ 42(a)-(e).

Plaintiffs' Complaint pleads no facts whatsoever to plausibly support the inference that the City has a "continuing, widespread, persistent pattern" of violating citizens' fourth amendment rights. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). The Complaint contains no well-plead facts demonstrating that any City police officer violated Decedent's constitutional rights "pursuant to official municipal policy" or as part of "a custom or usage with the force of law." *Ware v. Jackson Cty., Mo*., 150 F.3d 873, 880 (8th Cir. 1998) quoting *Monell*, 436 U.S. at 691. Moreover, the City cannot be held vicariously liable for the alleged constitutional violations of its employees. *Monell*, 436 U.S. at 691; *Connick*, 563 U.S. at 60.

Plaintiffs likewise fail to sufficiently allege the City is liable on a failure to train theory of liability. The Supreme Court has hypothesized that, under "limited circumstances," a municipality may be held liable § 1983 for its failure to train employees – but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). With regard to § 1983 failure to train or supervise claims, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence" of a particular training program or particular action or omission. *Board of Cty. Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997). The Supreme Court has held that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61; *see also A.J. v. Tanksley*, No. 4:13-CV-1514-CAS, 2014 WL 1648790, at *8 (E.D. Mo. Apr. 24, 2014); *A.A. v. City of Florissant,* No. 4:15-CV-523-CEJ, 2015 WL 5560542, at *8 (E.D. Mo. Sep. 21, 2015). A § 1983 failure to supervise claim is likewise tenuous because "a claim for failure to supervise requires the same analysis as a claim for failure to train." *Atkinson v. City of Mt. View*, 709 F.3d 1201, 1216 (8th Cir. 2013) (quoting *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007)).

Here, Plaintiffs repeatedly make the conclusory allegation that the City failed to train, discipline or supervise its officers. ¶¶ 43-45. Yet Plaintiffs fail to identify a single particular omission in the City's training. In order to plausibly allege a § 1983 failure to train or supervise claim, a plaintiff must allege facts sufficient to establish a municipality had "actual or constructive notice that a *particular omission* in their training program causes city employees to violate citizens' constitutional rights." *White v. Jackson*, No. 4:14CV1490HEA, 2015 WL 1189963, at *4 (E.D. Mo. March 16, 2015) (citing *Brown*, 520 U.S. at 407)(emphasis added).

9

Plaintiffs fail to set forth facts to support the inference that the City "disregarded a known or obvious consequence" of failing to train its officers. *Connick*, 563 U.S. at 62 citing *Bryan Cty.*, 520 U.S. at 410.

In addition, as the Eighth Circuit has specifically held, a § 1983 failure to train or supervise claim cannot succeed "without evidence the municipality 'received notice of a pattern of unconstitutional acts committed by [its employees]'" and failed to take remedial action. *Atkinson*, 709 F.3d at 1216-17 (quoting *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir 2010). Significantly, Plaintiffs' Complaint fails to allege a pattern of similar constitutional violations by untrained employees. Such a pattern of similar constitutional violations is "ordinarily necessary" to show deliberate indifference. *Connick*, 131 S. Ct. at 1360 citing *Bryan Cty.*, 520 U.S. at 409. Instead, here, Plaintiffs assert, with no absolutely no factual detail, that Defendants "have actual notice of" "a pattern of prior incidents of shootings and other uses of excessive force by officers." ¶ 43. Plaintiffs fail, however, to cite a single similar incident.

For the foregoing reasons, Plaintiffs fail to state a claim against the City because they fail to plausibly allege that the City had a widespread, policy, practice or custom that caused their Decedent's constitutional rights to be violated or that any omission in the City's training program caused their Decedent's alleged injuries.

The City cannot be held liable under § 1983 on a *respondeat superior* theory, and Counts II and IV should be dismissed for failure to state a claim upon which relief may be granted.

### III. PLAINTIFFS FAIL TO STATE A CLAIM IN COUNT III AGAINST THE CITY FOR CONSPIRACY UNDER 42 U.S.C. § 1985.

In Count III Plaintiffs purport to assert a claim for conspiracy under 42 U.S.C. § 1985. The claim fails because it is barred by the intracorporate conspiracy doctrine and also because

the allegations in Plaintiffs' Complaint are conclusory and merely state a formulaic recitation of the elements of conspiracy. *Twombly*, 550 U.S. at 570.

Here, Plaintiffs allege that the defendant officers conspired with one another and with agents of the City of St. Louis and the City police division "to inflict the wrongs and injuries upon Plaintiff's father as set forth herein. ¶ 36. Plaintiffs allege these officers and agents "acted in furtherance of the objective of conspiracy by falsely reporting the facts of the killing of [Decedent], and by taking other actions to prevent Plaintiff's decedent from being free from unreasonable use of force, search and seizure and gaining his liberty." ¶ 37. Plaintiffs further allege that "[t]he conspiracy included but was not limited to the use of excessive force, the unlawful detainment and restraint of Plaintiff's decedent and the making of false and misleading statements after the events at issue so as to justify the shooting and to create an appearance not in accord with the actual facts of the shooting and Plaintiff's decedent's death." ¶ 37. These allegations are insufficient to state a claim of conspiracy for at least two reasons.

First, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. It has been held that "a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself." *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012) citing *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir. 1983). In *Kelly v. Cty. of Omaha* the Eighth Circuit found that the intracorporate conspiracy doctrine precluded the plaintiff's conspiracy claim under 42 U.S.C. § 1985 against the City of Omaha, its chief code inspector, and other unidentified defendants. *Kelly v. Cty. of Omaha*, 813 F.3d 1070, 1078-79 (8th Cir. 2016). In that case, the Plaintiff alleged that a code inspector's harassment and subsequent acts of retaliation by the inspector and other officials stemmed from a conspiracy to deprive her of constitutional rights. *Id.* at 1077. However, the Eighth Circuit found

11

that a city cannot conspire with itself through its agents acting within the scope of their employment. *Id*. at 1078. "Because a conspiracy by its nature involves multiple parties, the [intracorporate conspiracy doctrine] provides that 'a local government entity cannot conspire with itself through its agents acting within the scope of their employment.'" *Id*. at 1078 citing *L.L. Nelson Enters*., 673 F.3d at 812. Thus, the intracorporate conspiracy doctrine precluded the plaintiff's conspiracy claim against the chief code inspector and the unidentified officials. *Id*. at 1078. In so holding the Court reasoned that "government agents can act within the scope of their employment duties 'even though [a] complaint alleges improprieties in the execution of these duties.'" *Id*. citing *L.L. Nelson Enters., Inc*., 673 F.3d at 812.

Here, Plaintiffs have pled that the City conspired with itself to deprive their Decedent of his constitutional rights. But there are no allegations that the officers or agents involved were acting outside the scope of their employment. *See Kelly*, 813 F.3d at 1078. So, the only allegations are that the City conspired with itself, which is something it cannot do. This Court should find that the intracorporate conspiracy doctrine bars Plaintiffs' conspiracy claim, and Count III must be dismissed.

Further, the claim fails because the allegations set forth in paragraphs 36-38, and throughout the Complaint, are textbook "formulaic recitation[s]" of the elements of a conspiracy claim. *Twombly*, 550 U.S. at 570. To state a conspiracy claim, a plaintiff must plead: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *White v. Walsh*, 649 F.2d 560, 561 (8th Cir.

1981). "[T]here must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, 2016 U.S. Dist. LEXIS 89993 at *26 (E.D. Mo. July 12, 2016); see *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). "Speculation and conjecture are not enough to prove a conspiracy exists." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

Here, Plaintiff's Complaint fails to allege any specific facts whatsoever to support an inference that the City and any of its officers, employers or agents had a mutual understanding or a "meeting of minds" to use excessive force against Plaintiffs' decedent or perform any other misdeed. Plaintiffs' allegation that "Defendant Officers conspired with one another and with other agents and employees of the City of St. Louis and the St. Louis Metropolitan Police Department and acted in concert by way of an agreement to inflict the wrongs and injuries upon [Decedent]" (¶ 36) is merely a "formulaic recitation" of an element of a conspiracy claim. *Twombly*, 550 U.S. at 570. The Complaint is further factually deficient in that the Plaintiffs have not identified the "other agents and employees of the City of St. Louis and the St. Louis Police Department' who allegedly conspired to violate the civil rights of Decedent. *Id*. Plaintiffs' allegation that the defendant officers "and other officers and personnel of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of [Decedent]" is an unspecific, lacking any supporting factual details. ¶ 37.

This Court should find that Plaintiffs have done no more than plead a summary allegation of a conspiracy and none of the allegations in the Complaint are sufficient to permit the inference that any agents of the City "directed themselves toward" using excessive force against Plaintiff's decedent "by virtue of a mutual understanding." *Smith v. Bacon*, 699 F.2d 434, 436-37 (8th Cir.

1983) (per curiam) (citation omitted). The Complaint is devoid of any specific facts tending to show a meeting of the minds among City officers or any City employees to deprive Decedent of his civil rights. The allegations in Plaintiff's Petition do not "nudge" his conspiracy claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Count III fails to state a claim because it is barred by the intracorporate conspiracy doctrine and further because it fails to allege facts from which this Court could infer the existence of a conspiracy to violate Decedent's constitutional rights.

## CONCLUSION

Plaintiffs fail to state a claim in Counts I, II, III, and IV upon which relief may be granted. Accordingly, the City's Motion to Dismiss should be granted.

Respectfully Submitted,

**JULIAN BUSH,**
**CITY COUNSELOR**

By: /s/ Erin K. McGowan
Erin K. McGowan, #64020
Associate City Counselor
Room 314, City Hall
1200 Market St.
St. Louis, MO  63103
314-622-3361
314-622-4956 (fax)
McGowanE@stlouis-mo.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **June 5, 2020** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

Jerryl T. Christmas
Attorney for Plaintiff
6101 Delmar Boulevard
St. Louis MO 63112
christmaslaw@yahoo.com

    /s/ Erin K. McGowan