```
STATE OF MISSOURI  )
                   ) SS
CITY OF ST. LOUIS  )
```



FILED
NOV 2 0 2019
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____MS_____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

```
KRISTINE HENDRIX,          )
                           )
       Plaintiff,          )
                           )
vs.                        )  No. 1722-CC01430
                           )
                           )  Division No.  6
CITY OF ST. LOUIS, et al., )
                           )
       Defendants.         )
```

ORDER

The Court has before it Defendant City of St. Louis' Motion for Summary Judgment on Count V of Plaintiff's Petition. The Court has reviewed the submissions of the parties, the relevant authorities, and the arguments of counsel, and now rules as follows.

Plaintiff Kristine Hendrix brought this action seeking monetary damages for assault, battery, false arrest and imprisonment, and malicious prosecution, alleging that City of St. Louis police officers falsely arrested and repeatedly tased her while she participated in a peaceful protest. Count V alleges that the City of St. Louis negligently trained and supervised its police officers. The following facts are uncontroverted:

**ENTERED**

NOV 2 0 2019

**MS**

EXHIBIT B

The City of St. Louis does not have third-party liability insurance to cover torts, personal injuries, or any other claims that do not arise from dangerous property conditions or the operation of motor vehicles.

The Public Facilities Protection Corporation ("PFPC") is a fund used to pay for settlements and judgments rendered against the City and City employees. The City transfers funds yearly to PFPC through the law enforcement budget, as well as other budgets. PFPC then uses the transferred funds to pay settlements and judgments rendered against the City and its employees.

Defendant City of St. Louis moves for summary judgment on Plaintiff's negligent training and supervision claim, arguing that sovereign immunity applies, and that it has not purchased liability insurance to cover the claim. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Larabee v. Eichler, 271 S.W.3d 542, 545 (Mo. banc 2008); Rule 74.04(c)(6). A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a "claimant" or a "defending party." ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 381 (Mo. banc 1993).

A defending party moving for summary judgment may establish a right to judgment by showing "(1) facts that negate any one of the claimant's element facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense." Id.

Defendant City of St. Louis is a public entity that is protected from tort liability by sovereign immunity unless waived. Sovereign immunity is generally waived only for tort actions arising from the negligent operation of motor vehicles by public employees and the dangerous conditions of a public entity's property. Section 537.600.1 RSMo. Waiver of sovereign immunity is narrowly construed. State ex rel. Metropolitan St. Louis Sewer District v. Sanders, 807 S.W.2d 87, 89 (Mo. banc 1991). "A party pleading an exception to a general rule of non-liability must plead the facts giving rise to the exception." Phelps v. City of Kansas City, 371 S.W.3d 909, 913 (Mo.App. W.D. 2012). Plaintiff has not pleaded facts to give rise to the operation of motor vehicles or dangerous condition of property exceptions to sovereign immunity.

Under § 537.610, when a public entity purchases liability insurance or duly adopts a self-insurance plan for tort claims, sovereign immunity is waived to the extent of the amount provided and for the specific purposes set forth in the insurance plan. Langley v. Curators of Univ. of Missouri, 73 S.W.3d 808, 811 (Mo.App. W.D. 2002). Plaintiff argues that the PFPC is a self-insurance plan that waives sovereign immunity for Plaintiff's negligent training and supervision claim.

"The plaintiff shoulders the burden of proving the existence of an insurance policy and proving that the terms of the policy cover the claims asserted by the plaintiff against the municipality." Topps v. City of Country Club Hills, 272 S.W.3d 409, 415 (Mo.App. ED 2008). Whether sovereign immunity is waived in a particular case depends on whether the plaintiff's claim falls within the purposes covered by the defendant's policy. Hummel v. St. Charles City R-3 Sch. Dist., 114 S.W.3d 282, 284 (Mo.App. E.D. 2003).

Defendant argues that Plaintiff has not shown that the PFPC is insurance, or that her claim is covered by the PFPC. Plaintiff cites a letter from City Counselor Julian Bush which refers to the PFPC as a "self insurance fund," and states that the purpose of the fund is to "insure the City against all claims." Additionally,

4

Plaintiff argues that due to the City's failure to timely respond to Plaintiff's discovery requests, Plaintiff has not been provided with the necessary documents to determine if the claim is covered by the PFPC. The Court finds that no genuine issue of material fact that the PFPC is not a policy of insurance purchased pursuant to Section 537.610 nor is it a self insurance plan adopted by the governing body. The City Counselor is not the governing body of the City of St. Louis nor does a letter from the City Counselor qualify as a duly adopted self insurance plan.

THEREFORE, it is Ordered and Decreed that Defendant City of St. Louis' Motion for Summary Judgment on Count V of Plaintiff's Petition is GRANTED.

SO ORDERED:

_____
MICHAEL F. STELZER, Judge #41116

Dated: November 20, 2019